UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin D. Fahey,  			Civ. No. 17-4150 (PAM/HB)

    Plaintiff,

v.  			**MEMORANDUM AND ORDER**

Nancy A. Berryhill, Acting
Commissioner of Social Security,

    Defendant.

---

  This matter is before Court on the parties' cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion is denied and Defendant's Motion is granted.

**BACKGROUND**

  Plaintiff Kevin Fahey alleges that he has been disabled because of a lower back injury and arthritis in his hands since August 21, 2012. Fahey applied for disability insurance benefits on May 7, 2013. He brought this lawsuit under 42 U.S.C. § 405(g), after the Appeals Council affirmed an Administrative Law Judge ("ALJ") determination that he was not disabled and the Appeals Council affirmed the ALJ's decision.

  An individual is considered disabled for purposes of Social Security Disability Insurance benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is

disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that she cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national

economy.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  If the claimant can perform such work, the Commissioner will find that the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(v).

Fahey challenges only the ALJ's determinations at steps three and four of the above analysis.  At step three, the ALJ found that Fahey's combination of impairments do not meet or are not medically equal to one of the listings.  (Admin. R. (Docket No. 9) at 25-26.)  At step four, the ALJ found that Fahey had the capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b).  (Id. at 26.)  The ALJ found that Fahey could lift and carry no more than 20 pounds, and that he could walk or stand for no more than four hours a day, changing positions every 30 minutes.  (Id.)  The ALJ further restricted Fahey's capacity to no more than occasional bending, twisting, stooping, kneeling, crouching, crawling, or climbing.  (Id.)  Based on Fahey's RFC, the ALJ found that he could return to three of his previous jobs.  (Id. at 31.)  Thus, the ALJ determined that Fahey was not disabled.  (Id. at 32.)

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).  "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion."  Id.  As long as substantial evidence in the record supports the Commissioner's decision, the Court may not reverse it because substantial

evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. Id.

**A.     Impairment**

The ALJ determined that Fahey's impairment or combination of impairments did not meet or medically equal Listing 1.04, disorders of the spine. 20 C.F.R. Pt. 404, Subpt. P, App. 1, 1.04A. In particular, she found that the medical evidence "does not demonstrate compromise of a nerve root or the spinal cord" accompanied by the additional finds the Listing requires, such as nerve root compression, limitation of motion, motor loss, and positive straight-leg raising. (R. 26.)

Fahey attacks the ALJ's impairment determination, contending that the medical records establish the requisite nerve-root compression combined with reduced range of motion and positive straight-leg raising. But while there are notations in the record documenting some reduced range-of-motion and occasional positive straight-leg raising, there are also instances of vast improvement in functioning, including many instances of negative straight-leg raising. The question is not whether Fahey has ever experienced disabling pain; there is no doubt that he has experienced such pain. The question is whether, from August 2012 until the date of the hearing in 2016, Fahey was unable to work because of a disability for a period of at least 12 continuous months. See Titus v. Sullivan, 4 F.3d 590, 594 (8th Cir. 1993) ([I]t is the disability which must be continuous for 12 months, not the impairment.") (emphasis omitted). The ALJ correctly concluded, and substantial evidence in the record indicates, that Fahey's impairment over the four-year period did not rise to a Listing-level impairment.

B.  **RFC**

Similarly, the ALJ's RFC determination is supported by substantial evidence in the record as a whole. The restrictions the ALJ imposed on Fahey's RFC—such as the ability to change positions every 30 minutes—further evidence her understanding of the record as a whole. The ALJ determined that Fahey could return to his past relevant work, and the record fully supports this determination.

Finally, Fahey is incorrect that the ALJ insufficiently considered the limiting effects of the medication he takes in crafting the RFC. The ALJ discussed Fahey's testimony regarding the effects of his medication (R. 27), but found that his testimony was not corroborated by the record. (Id. at 30.) Fahey cites only one page from his medical record to support his argument in this regard, but he takes this stray comment out of context. Indeed, Dr. Garvey's entire letter indicates that he believes Fahey is capable of restricted-duty work activity; he mentions Fahey's medication as "perhaps" keeping him from working, but states that the prescribing physician would be in the best position to make that decision. (Id. at 766.) Fahey has not established that substantial evidence in the record supports his claims regarding medication. Rather, substantial evidence supports the ALJ's conclusion that Fahey's testimony on this issue was not entirely credible.

C.  **Other Impairments**

The ALJ considered Fahey's back problems in conjunction with other potentially limiting impairments, such as rheumatoid arthritis and obesity. (Id. at 26.) She determined that none of these alleged impairments, either singly or in combination, rose

5

to the level of a disability under the SSA. Fahey appears to have abandoned any claim regarding arthritis or obesity, because aside from mentioning the record evidence regarding his arthritis, he does not otherwise address the other alleged impairments in any substantive way. It is Fahey's burden to prove disability. See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). His failure to address the alleged combination of impairments means he has waived that issue.

**CONCLUSION**

Plaintiff's objections are without merit, and substantial evidence in the record supports the Commissioner's decision to deny benefits. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Docket No. 11) is **DENIED**; and

2. Defendant's Motion for Summary Judgment (Docket No. 17) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 25, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge